UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | 5:23-cv-01946-SSS-SPx | Date | January 9, 2024 |
| Title | *David Palacios v. Penske Logistics, LLC et al.* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [Dkt. 15] AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [Dkt. 11]**

Before the Court is Plaintiff David Palacios's motion to remand. [Mot. (Dkt. 15)]. The motion is fully briefed [Opp. (Dkt. 27); Reply (Dkt. 29)] and was taken under submission without a hearing. The motion is **GRANTED** and the matter is **REMANDED** to San Bernardino County Superior Court. Defendants' motion to dismiss [Dkt. 11] is **DENIED AS MOOT**.

**I.      Background**

Plaintiff filed the instant action in San Bernardino County Superior Court on August 3, 2023. Plaintiff completed service of the summons and complaint upon all Defendants on August 23, 2023. Defendants timely removed to federal court, asserting subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Defendants contend that although Plaintiff's complaint names two non-diverse parties, Kandis Curtis and Justin Koi, both are sham defendants whose inclusion does not preclude federal jurisdiction. [Notice of Removal (Dkt. 1)].

Plaintiff is a former employee of Defendants Penske Truck Leasing Co, L.P. ("Penske Leasing") and Penske Logistics LLC ("Penske Logistics"). Defendants Curtis and Kooi were Plaintiff's supervisors during his employment. Plaintiff

brings seven causes of action against Penske Leasing and Penske Logistics for violations of California's Fair Housing and Employment Act (FEHA), California Labor Code, and related state law provisions. Defendants Kurtis and Kooi are named only in Plaintiff's seventh cause of action for intentional infliction of emotional distress.

## II.     Legal Standard

A defendant may remove any civil action over which the federal district courts enjoy subject matter jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 7-8 (1983). It must remove to the district court for the district and division embracing the location where the state court action is pending. *Id.*, *see also* 28 U.S.C. § 1441.

If a defendant asserts diversity jurisdiction as the basis for removal, it must establish that (1) no defendant is a citizen of the same state as any plaintiff and (2) the plaintiffs seek an award greater than $75,000. 28 U.S.C. § 1441(b); 28 U.S.C. § 1332(a).

Removal is also proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

## III.    Discussion

Here, Defendants argue that the IIED claims against Kooi and Curtis fail as a matter of law. Specifically, Defendants contend that (1) Plaintiff fails to describe "extreme or outrageous conduct" by Kooi and Curtis, *see* ; (2) that the claim is barred by the "managerial privilege," and (3) that the claim is preempted by the California Worker's Compensation Act (WCA), California Labor Code § 3600 *et seq*. None of these three arguments are persuasive.

As to the first, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Burris v. AT & T Wireless, Inc.*, No. 06-02904, 2006 WL 2038040 at *2 (N.D. Cal. July 19, 2006). The defendant must also show that "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Id*. at *1. Remand

must be granted unless the defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* at *2. Here, in part because Plaintiff's complaint offers so few specific facts about the events giving rise to his claims against *any* of the Defendants, the Court cannot conclude that he would be unable to state a claim against the supposed sham Defendants if granted leave to amend.

Defendants' reliance on the managerial privilege rule is also unavailing. In particular, the Court is skeptical that the managerial privilege applies to claims of intentional infliction of emotional distress. *See Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1052 (C.D. Cal. 2013) (collecting cases). Defendants offer no case law of their own to suggest otherwise.

Lastly, Defendants have failed to demonstrate that Plaintiff's claims against Kooi and Curtis are preempted by the exclusive-remedies provision of the WCA, *see* Cal. Labor Code § 3602. Generally, claims for emotional distress caused by "discharge, demotion, discipline or criticism" are preempted by the Workers' Compensation Act, even when the employer's acts causing the distress are intentional or outrageous. *Gantt v. Sentry Ins.*, 1 Cal.4th 1083, 1099 (1992). Such distress, whether attributable to intentional or negligent conduct on the part of the employer, is considered "part of the normal risk of employment" and hence subject to the exclusive remedies of the workers' compensation laws. *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal.4th 800, 814-15 (2001). The phrase "normal part of the employment relationship," however, does not encompass all conduct that occurs on the job. *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal.3d 148, 160 (1987). Tort recovery pursued via a separate civil action is permitted if the conduct of the employer has a "questionable" relationship to the employment or where the employer steps out of his proper role. *Id.* at 161. Again, because it is unclear from either the complaint or the briefing what events and/or conduct give rise to Plaintiff's claims against his supervisors, the Court cannot conclude that they are preempted by the CWA.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion for remand [Dkt. 15] and **DENIES AS MOOT** Defendants' motion to dismiss [Dkt. 11]. The matter is **REMANDED** to San Bernardino County Superior Court.

**IT IS SO ORDERED.**